Harry Shackleton
vs.
William J. Hassell
and
Florence A. Hassell
} Eq. No. 8599

### May 18, 1928

TANNER, P. J. This is a mechanic's lien and is heard upon motion of the respondents to dismiss the petition. We shall consider only one of the grounds alleged in support of the motion to dismiss since that, we think, is conclusive.

The contract provided that payments by the owner and contractor should be only upon certificate of the architect and that "all payments shall be due when certificates for the same are issued."

The petition alleges that the contract was performed on the 8th day of July, 1926, and the house was occupied and accepted by the owner, but that the architect failed and refused to issue his certificate for final payment of the price thereof; that on the 21st day of April, 1927, petitioner made demand upon the aforesaid architect for a certificate for final payment as provided in said contract but that said architect wrongfully refused and has wholly refused and failed and still wrongfully and wholly refuses and fails to deliver said certificate, and that by the terms of said contract the final payment was not due and payable until the said architect issued his certificate therefor, and that these proceedings were com-

menced by the lodging of the account within four months after the wrongful refusal of said architect to issue the certificate for final payment.

We think it was the duty of the contractor to have obtained either the architect's certificate or else his refusal to give said certificate within a reasonable time after the completion of the work. We do not think that he can postpone the accrual of his lien indefinitely because of the architect's refusal to give the certificate which we concede to have been a condition precedent to the accrual of the right to payment. If the contractor within a reasonable time after the completion of his work obtained the definite wrongful refusal of the architect to give said certificate, he would then have had four months within which to have lodged his account, but no more. In this case the contractor waited from July 8, 1926 to the 21st of April, 1927, before obtaining the definite refusal upon demand to issue said certificate. It seems to us this was a wholly unreasonable length of time to have waited and to have postponed the liability not only of the owner but of a third party, such as the mortgagee in this case was.

*Coffey* vs. *Smith*, 52 Ore. 539.

*Sanford* vs. *Frost*, 41 Ct. 617.

We must therefore grant the motion to dismiss the petition.

For petitioner: R. M. Greenlaw and E. J. Tetlow.

For respondent: Gardner, Moss & Haslam and Edward W. Day.